UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| ROBERT V., | ) |
| | ) |
|       Plaintiff | ) |
| | ) |
| v. | )   No. 1:21-cv-00368-JAW |
| | ) |
| KILOLO KIJAKAZI, | ) |
| Acting Commissioner of | ) |
| Social Security, | ) |
| | ) |
|       Defendant | ) |

**REPORT AND RECOMMENDED DECISION**

The Plaintiff in this Social Security Disability and Supplemental Security Income appeal, who is unrepresented, highlights evidence that he contends the Administrative Law Judge (ALJ) must not have considered because it plainly shows that he had disabling physical and mental impairments. *See* Statement of Errors (ECF No. 19-1) at 2; *see also* Fact Sheet (ECF No. 19). I discern no error and therefore recommend that the Court affirm the decision.

**I. Background**

The ALJ found, in relevant part, that the Plaintiff (1) had the severe impairments of seizure disorder, moderate recurrent major depression, bipolar II, generalized anxiety disorder, venous insufficiency in the left lower extremity including deep vein thrombosis followed by post-thrombotic syndrome, atrophic left kidney, fatty infiltration of the liver, lumbar radiculopathy and degenerative disc disease at the lumbar level, obesity, and essential hypertension, *see* Record at 18,

1

(2) retained the residual functional capacity (RFC) to perform light work with limitations in climbing, balancing, kneeling, crouching, and crawling, could not work at unprotected heights, around exposed moving mechanical parts, or with dangerous heavy machinery or equipment, could not use sharp-edged tools, drive, or work around flashing or strobe lights, and could carry out simple instructions, perform simple routine and repetitive tasks, make simple workplace decisions, occasionally adjust to changes in workplace routines, and have frequent contact with supervisors and only occasional contact with co-workers and the public, *see id.* at 23, (3) could perform jobs existing in significant numbers in the national economy, considering his age, education, work experience, and RFC, *see id.* at 35, and (4) therefore had not been disabled at any time from April 4, 2019, his alleged onset date of disability, through June 2, 2021, the date of the decision, *see id.* at 36. The Appeals Council denied the Plaintiff's request to review the ALJ's decision, *see id.* at 1-3, making that decision the final determination of the Commissioner, *see* 20 C.F.R. §§ 404.981, 416.1481.

## II. Standard of Review

A final decision of the Commissioner is subject to judicial review to determine whether it is based on the correct legal standards and supported by substantial evidence. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Seavey v. Barnhart*, 276 F.3d 1, 9 (1st Cir. 2001). Substantial evidence in this context means evidence in the administrative record that a reasonable mind could accept as adequate to support an ALJ's findings. *See Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). If an ALJ's

findings are supported by substantial evidence, they are conclusive even if the record could arguably support a different result. *See Irlanda Ortiz v. Sec'y of Health & Hum. Servs.*, 955 F.2d 765, 769 (1st Cir. 1991). But an ALJ's findings "are not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts." *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999).

### III. Discussion

Absent a material error in an ALJ's resolution of conflicts in the evidence, including the expert opinion evidence of record, this Court defers to an ALJ's weighing of the evidence, which is the core duty of an ALJ. *See, e.g., Rodriguez v. Sec'y of Health & Hum. Servs.*, 647 F.2d 218, 222 (1st Cir. 1981) ("The Secretary may (and, under his regulations, must) take medical evidence. But the resolution of conflicts in the evidence and the determination of the ultimate question of disability is for him, not for the doctors or for the courts."). An ALJ need not cite or discuss all potentially relevant evidence of record, nor could he or she feasibly do so given the volume of most medical records. *See, e.g., Newcomb v. Colvin*, No. 2:15-cv-463-DBH, 2016 WL 3962843, at *10 (D. Me. July 22, 2016) (rec. dec.) ("The [ALJ] was not required to discuss every detail of every [medical expert] opinion."), *aff'd*, 2016 WL 4250259 (D. Me. Aug. 10, 2016).

Accordingly, "[t]he mere fact that a claimant can point to evidence of record supporting a different conclusion does not, in itself, warrant remand." *Malaney v. Berryhill*, No. 2:16-cv-00404-GZS, 2017 WL 2537226, at *2 (D. Me. June 11, 2017)

3

(rec. dec.), *aff'd*, 2017 WL 2963371 (D. Me. July 11, 2017), *aff'd*, No. 17-1889, 2019 WL 2222474 (1st Cir. May 15, 2019).

Yet, the Plaintiff does just that, identifying ten categories of evidence that he feels support a different conclusion, *see* Statement of Errors at 2, and supplying a compendium of 86 highlighted record pages, *see* ECF No. 19-2. In so doing, he fails to appreciate the ALJ's rationales for finding him capable of working. He also misunderstands the significance of certain categories of evidence and fails to show that the ALJ ignored the remaining categories or that they would have changed the outcome if considered. His argument, hence, amounts to an unavailing invitation to the Court to reweigh the evidence.

The Plaintiff misunderstands the significance of three categories of evidence.

First, he argues that, in finding that he could adjust to different work, the ALJ erroneously took into account his age and schooling that he can't use "due to being a felon." Statement of Errors at 2, ¶ 1. In determining whether a claimant is disabled, however, an ALJ must consider the claimant's "age, education, and work experience." 20 C.F.R. §§ 404.1520(a)(iv)(5), 416.920(a)(iv)(5).

Second, he asserts that the vocational expert (VE) present at his hearing testified that he needed special accommodations. *See* Statement of Errors at 2, ¶ 7. Yet, the VE was responding to a question about a hypothetical person who needed to elevate his legs, not the Plaintiff, *see* Compendium at 78-79, and the ALJ did not find that the Plaintiff required that accommodation, *see* Record at 23.[1]

---

[1] The Plaintiff also highlights passages in the Compendium in which the VE testified that a restriction against having any contact with a supervisor would eliminate all work and that a different set of

Third, he contends that, in an earlier decision, a different ALJ found that he met "the requirements of [the] social security act." Statement of Errors at 2, ¶ 10; Compendium at 120 ("The claimant meets the insured status requirements of the Social Security Act through September 30, 2018."). However, this was not a determination that he was disabled but, rather, that he had earned insurance coverage through that date pursuant to the Social Security Act. Indeed, the prior ALJ determined that the Plaintiff was not disabled. *See* Record at 125.

The ALJ did not ignore the remaining seven categories of evidence that the Plaintiff highlights: doctors' notes indicating that the Plaintiff could not work, *compare* Statement of Errors at 2, ¶ 2 *with* Record at 25, 32;[2] findings and recommendations of examining consultant Franklin V. Thompson, Ed.D., *compare* Statement of Errors at 2, ¶¶ 3-4 *with* Record at 32-33; ultrasounds revealing multiple blood clots and venous insufficiency in the Plaintiff's left lower leg, *compare* Statement of Errors at 2, ¶ 5 *with* Record at 25-26; an exhibit showing that the Plaintiff had a seizure and was brought to the hospital by ambulance, *compare*

---

hypothetical restrictions would eliminate skilled and semi-skilled work as well as the Plaintiff's past relevant work. *See* Statement of Errors at 2, ¶ 7; Compendium at 73-74, 79. Again, the VE responded to questions about hypothetical persons, not the Plaintiff. The ALJ found that the Plaintiff could have frequent contact with supervisors and that, while he could not perform his past relevant work or skilled or semi-skilled work, he could perform other work. *See* Record at 23.

[2] Even if the ALJ ignored other similar doctor's notes indicating that the Plaintiff could not work, that is not reversible error. An opinion that a claimant is disabled, cannot work, or cannot work full-time is "an opinion on an issue reserved to the commissioner and, thus, entitled to no special significance even if offered by a treating source." *Jessica O. v. Saul*, No. 2:18-cv-00370-GZS, 2020 WL 601381, at *5 (D. Me. Feb. 7, 2020) (rec. dec.), *aff'd*, 2020 WL 908114 (D. Me. Feb. 25, 2020) (cleaned up). "The failure of an ALJ to adopt a treating medical source's opinion on an issue reserved to the commissioner cannot, standing alone, provide the basis for remand." *Id.* (cleaned up).

Statement of Errors at 2, ¶ 6 *with* Record at 25; a doctor's ultrasound reports and notation that the Plaintiff had lingering symptoms in the left leg, *compare* Statement of Errors at 2, ¶ 8 *with* Record at 25; and notes from Houlton Hospital concerning a police arrest and mental breakdown, *compare* Statement of Errors at 2, ¶ 9 *with* Record at 29.[3]

## IV. Conclusion

For the foregoing reasons, I recommend that the Commissioner's decision be **AFFIRMED**.

### *NOTICE*

*A party may file objections to those specified portions of a Magistrate Judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the District Court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the District Court and to appeal the District Court's order.*

Dated: November 22, 2022

/s/ Karen Frink Wolf
United States Magistrate Judge

---

[3] The Plaintiff also cites paperwork indicating that he was charged while in jail with three assaults on an officer and "breaking stuff" due to manic episodes, resulting in his transfer to Maine State Prison for two weeks for observation. Statement of Errors at 2, ¶ 9. He provides no record citation to these materials, *see id.*, and did not include them in his compendium of record pages, *see* Compendium. In any event, the ALJ took into account the Plaintiff's testimony that he was arrested in September 2019, incarcerated until May 2020, asked for a mental health evaluation that revealed he had major depression and issues with anxiety, and has "manic episodes that usually occur when he experiences anxiety or when his stress level is elevated," "at times . . . does not have control of what he does as he has impulsive behavior," is "in a 'fight or flight' mode" and "is usually 'the fighter,'" and can have "'explosive behavior,'" "verbally strike out," and at times break things. Record at 23-24.